UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-14320-CIV-MAYNARD[1]

TRAVIYAWN M. OSBORNE,

    **Plaintiff,**

v.

OFFICER SPENCER, and
OFFICER SCARGNIO,

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before me upon a *sua sponte* review of the record.  Plaintiff has not taken affirmative steps to continue prosecuting his claims or timely complied with my Orders permitting the filing of an Amended Complaint.  I therefore recommend that this case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with Court Orders.

Plaintiff commenced this case by filing a complaint under 42 U.S.C. § 1983 asserting claims against two officers for the alleged negligent deprivation of his property while he was incarcerated in Martin County Jail.  DE 1.  After screening the complaint as required by 28 U.S.C. § 1915(e), I dismissed it as legally deficient for failure to state a valid claim.  DE 5.

---

[1] This non-prisoner *pro se* civil case was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. *See* Administrative Order 2025-11 (S.D. Fla. Mar. 3, 2025), available at: https://www.flsd.uscourts.gov/sites/flsd/files/adminorders/2025-11.pdf.  Based on the circumstances of this particular case, I am issuing a Report and Recommendation and will be simultaneously issuing a separate order directing the Clerk to randomly reassign this case to a United States District Judge of this Court.

Among other things, I found that Plaintiff failed to specifically allege a clearly established federal right that was allegedly violated and cited Supreme Court authority holding that the negligent deprivation of property does not amount to a constitutional violation actionable under § 1983. *Id.* at 4. I further cited Supreme Court authority holding that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available and cited Florida's statutory scheme providing such a remedy. *Id.* at 4-5. While doubtful of Plaintiff's ability to state a valid claim in this federal forum, I nonetheless granted him leave to file an amended complaint by October 15, 2025, and expressly cautioned that if this were not done, "then this case will likely be dismissed without further notice and without any additional opportunities to amend." *Id.* at 6.

Rather than file an amended complaint, Plaintiff instead filed a motion seeking to disqualify me from this case based on a belief that Plaintiff "ha[s] a case against officers [and] the Judge denied my case" requiring reassignment to another Judge "to get a fair hearing on my case." DE 8.

On October 31, 2025, I issued an Order denying the motion to disqualify on grounds that Plaintiff had failed to allege any facts or legal basis to justify disqualification or recusal. DE 10 at 4. Acknowledging that Plaintiff filed his motion to disqualify on the due date for his amended complaint—and considering his *pro se* status together with the procedural posture of this case—I *sua sponte* extended the deadline for Plaintiff to file an amended complaint to November 13, 2025. *Id.* I expressly cautioned that "**failure to comply with the requirements in this Order may result in the case being dismissed without prejudice**

**and without further notice. *See* Fed. R. Civ. P. 41(b).**" *Id.* (emphasis in original).  This second deadline passed with no timely filing of an amended complaint or any other activity by Plaintiff.

Plaintiff has neither timely filed an amended complaint nor taken any further action to pursue his claims.  Under Federal Rule of Civil Procedure 41, "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action. Fed. R. Civ. P. 41(b); *see also McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (noting that the "decision to dismiss for want of prosecution lies within the trial court's discretion").  The Eleventh Circuit has made clear that a district court may *sua sponte* dismiss a case for lack of prosecution based on its own "inherent power to manage its docket."  *Betty K. Agencies, Ltd. V. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).

Dismissal *with prejudice* for failure to prosecute "is a sanction of last resort that is to be utilized only in extreme situations" and it "can be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff."  *Morewitz v. West of England Ship Owners Mut. Prot. And Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995); *see also Betty K.*, 432 F.3d at 1337–38 (holding that dismissal with prejudice may be imposed only when a party engages in a clear pattern of delay or willful contempt and the district court specifically finds that lesser sanctions would not suffice).  In contrast, a dismissal *without prejudice* is not an adjudication on the merits and, therefore, courts are afforded greater discretion in dismissing claims in this manner.  *See Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 719 (11th Cir. 2011) (affirming dismissal of complaint without prejudice for failure to prosecute).

Three months have passed since Plaintiff filed his original complaint. Three weeks have passed since the most recent extended deadline for Plaintiff to file an amended complaint. A series of prior Court Orders have provided clear guidance and ample opportunity for Plaintiff to file an amended complaint. Plaintiff has twice been given fair warning that his failure to respond and timely pursue this case would likely lead to the case being dismissed without further notice. It appears that Plaintiff does not intend to pursue his claims. However, because there is no clear record of delay or contumacious conduct, dismissal without prejudice for failure to prosecute is the appropriate course. *See, e.g.*, *Riddell v. Florida*, 702 F. App'x 869, 871–72 (11th Cir. 2017) (affirming dismissal without prejudice for want of prosecution after plaintiff failed to respond to an order directing him to show cause why the case should not be dismissed following his failure to respond to a motion to dismiss). This dismissal would not act as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b) (providing that dismissal for failure to prosecute, or for failure to comply with the Federal Rules or a court order, operates as an adjudication on the merits "[u]nless the dismissal order states otherwise").

## RECOMMENDATION

Based on the foregoing, I respectfully **RECOMMEND** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with Court Orders.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the

U.S. District Judge.  *See* 28 U.S.C. § 636(b)(1)(C); S.D. Fla. Mag. J.R. 4(a).  Failure to file objections timely shall bar the parties from a *de novo* determination by the U.S.5th District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).  **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

   **DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 5th day of December, 2025.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE